UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BOWMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>HOLLEY, et al.,<br><br>        Defendants. | No. 2:16-cv-0193-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion to amend.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III. Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint names at least eight defendants and is accompanied by over 300 pages of exhibits. The most specific factual allegations, buried within plaintiff's recitation of various legal standards, concerns events that took place at the Sierra Conservation Center ("SCC") in Tuolumne County in 2006. Without any supporting factual allegations, plaintiff generally asserts that SCC defendants Holley and Broderick used excessive force, discriminated against him on the basis of religion and mental disability, and falsified a rules violation report. Plaintiff is now housed at High Desert State Prison and claims that correction of his "c-file" is required.

Plaintiff has not pleaded facts sufficient to satisfy *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 562-563.[2] Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint that alleges a cognizable legal theory against a proper defendant and contains sufficient facts in support of that cognizable legal theory.[3] *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must meet this standard and shall clearly set forth the claims and allegations against each defendant.

---

[2] In addition, if plaintiff's claim arose at SCC, which is in Tuolumne County, then this action should have been filed in the Fresno Division of the United States District Court for the Eastern District of California. E.D. Cal. Local Rule 120(d). Regardless, plaintiff's claim is likely barred by the statute of limitations if it arose in 2006. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984) (where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper).

[3] Accordingly, plaintiff's motion to amend (ECF No. 6) is denied as moot.

1    Because this case is only in the pleading stage, plaintiff is not required to prove his claims
2    with evidence at this time.  At this stage, plaintiff is only required to provide notice of his claim
3    through "a short and plain statement." Fed. R. Civ. P. 8(a). By inundating the court with evidence
4    at this stage in the proceedings, plaintiff only burdens the court, confuses the records, and delays
5    his lawsuit.  If this action proceeds to a point where submission of evidence is appropriate, for
6    example, summary judgment or trial, plaintiff will have the opportunity to submit necessary
7    evidence. But in amending his complaint, plaintiff should simply state the facts upon which he
8    alleges a defendant has violated his constitutional rights and refrain from submitting exhibits
9    unless truly necessary to state a claim.  The court is not a repository for plaintiff's evidence.

10    Any amended complaint must cure the deficiencies identified above and also adhere to the
11    following requirements:

12    Any amended complaint must identify as a defendant only persons who personally
13    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
14    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
15    constitutional right if he does an act, participates in another's act or omits to perform an act he is
16    legally required to do that causes the alleged deprivation).

17    It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

18    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*
19    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

20    Any amended complaint must be written or typed so that it so that it is complete in itself
21    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
22    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
23    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
24    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
25    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
26    1967)).

27    /////
28    /////

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I.  Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact

1  accommodation of the asserted constitutional right will have on guards and other inmates and on
2  the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner*
3  *v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted).

4  The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides
5  that "no [state or local] government shall impose a substantial burden on the religious exercise of
6  a person residing in or confined to an institution," unless the government shows that the burden
7  furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-
8  1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by,
9  or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one
10 that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian*
11 *College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

12 Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from
13 discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C.
14 § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a
15 plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded
16 from participation in or denied the benefits of a public entity's services, programs, or activities, or
17 was otherwise discriminated against by the public entity; and (3) such exclusion, denial of
18 benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d
19 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)
20 ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services,
21 programs, or activities' 'solely by reason of' his or her disability, that individual may have an
22 ADA claim against the public entity.").

23 The ADA authorizes suits by private citizens for money damages against public entities,
24 *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the
25 statutory definition of 'public entity.'" *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206,
26 210 (1998). "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove
27 intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d
28 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference,

6

which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff also appears to complain that the rules violation report issued against him contained inaccurate information. However, maintenance of an inaccurate record, without more, is not sufficient to state a claim of constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976). To state a claim for violation of the right to procedural

due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.
4. Plaintiff's motion to amend (ECF No. 6) is denied as moot.

Dated: February 6, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE